# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

DAN E. JOHNSON, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:17CV634–HEH
)
WARDEN PIXLEY, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Vacating Prior Memorandum Opinion and Order)

On October 3, 2017, the Court conditionally docketed Plaintiff's action. Plaintiff requested leave to proceed *in forma pauperis*. By Memorandum Order entered on November 8, 2017, the Court directed Plaintiff to pay an initial partial filing fee of $16.18 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within eleven (11) days of the date of entry thereof. *See* 28 U.S.C. § 1915(b)(1). Because Plaintiff failed to pay the initial partial filing fee or otherwise respond, the Court dismissed the action without prejudice by Memorandum Opinion and Order entered on November 28, 2017. The following day, the Court received from Plaintiff his initial partial filing fee of $17.00. The postmark on the envelope that contained the fee was marked November 28, 2017.

On December 6, 2017, the Court received a "Relief From Order Rule 60, (b)" motion. (ECF No. 11.) Because the motion was filed within twenty-eight (28) days of the Court's entry of the November 28, 2017 Memorandum Opinion and Order, the Court

construes the motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Here, because Plaintiff mailed the initial partial filing fee prior to or on the same day as the Court dismissed the action, the Court will grant the Rule 59(e) Motion (ECF No. 11) to prevent manifest injustice to Plaintiff.

Accordingly, the Court will vacate the November 28, 2017 Memorandum Opinion and Order and will reinstate the action on the Court's active docket. The Court will continue to process the action.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec. 8, 2017
Richmond, Virginia