
F I L E D
SEP -5 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAN E. JOHNSON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:17CV634–HEH
)
WARDEN PIXLEY, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Complaint)

Dan E. Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this civil action pursuant to 42 U.S.C. § 1983. The action proceeds on the "2ND PARTICULARIZED/WITH DATES. PARTICULARIZED COMPLAINT" ("Complaint," ECF No. 29.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490

U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citation omitted). "A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL HISTORY AND SUMMARY OF ALLEGATIONS

By Memorandum Order entered on April 19, 2018, the Court directed Johnson to file a particularized complaint. The Court received Johnson's Particularized Complaint (ECF No. 26), however, it failed to include the dates of his injuries. By Memorandum Order entered on July 18, 2018, the Court directed Johnson to file a timeline of the events alleged in his Particularized Complaint. (ECF No. 27.) The Court explained that Johnson must include, "the date upon which the alleged constitutional violations began and when they ended," and the date upon when "certain event[s] *i.e.*, a trip to the hospital or phone calls" took place. (*Id.* at 2–3.) Plaintiff has filed a Complaint that complies

3

with the directives of the Court. (ECF No. 29.) In his Complaint, Johnson states as follows:[1]

> On 08/16/13, Dr. Campbell ordered Accue checks for [Johnson] for 7 days. These Accue checks started on 08/17/13. This took place after much unneeded debate with Defendant Campbell who continued to insist that [Johnson] was dehydrated.
> The Accue-Check readings taken by the Defendants Brinkley and Cummings on 08/17/13, 08/18/13, and 08/19/13 were above the normal standards for patients.
> [Johnson's] condition continued to decline rapidly without Brinkley or Cummings making proper reports or taking any form of action that would have been within the standard of care for treating a patient with abnormal Accue-Check readings.
> Readings increased in between the dates of 08/17/13 -- 08/19/13 with Brinkley performing the AM Accue-Checks and Cummings performing the PM Accue-Checks.
> The first Accue-Check reading taken on 08/17/13 at 5am by Nurse Brinkley registered high and Brinkley simply scribbled some unknown unreadable mess which gives no information. Brinkley simply sent [Johnson] back to the building without any medical care.
> The second Accue-Check reading taken on 08/17/13 at 4pm by Nurse Cummings, registered high and Cummings simply wrote the letter "A" in the place that the reading should have been written, and Cummings sent [Johnson] back to the building without any form of medical care.
> The next day, the first Accue-Check reading taken on 08/18/13 by Nurse Brinkley registered 301 and she did in fact write the correct number in that slot at 5am and simply sent [Johnson] back to the building without medical care.
> The afternoon Accue-Check reading taken on 08/18/13 by Nurse Cummings registered high at 4pm and she wrote once more the letter "A" in the slot where the number should be. She sent [Johnson] back to the building without medical care.
> On the morning of 08/19/13, the Accue-Check reading taken by Nurse Brinkley was once more high at 5am. . . . [she] put the number 234 . . . . It was this morning that [Johnson] tried to beg Nurse Brinkley not to send him back to the building untreated. [Johnson] informed Brinkley that he couldn't make it back and that he couldn't hardly see and was afraid that he was going to die.

---

[1] The Court corrects the spelling, punctuation, and spacing in quotations from Johnson's Complaint. The Court omits the emphasis from Johnson's Complaint.

> On this same morning of 08/19/13, after hearing [Johnson's] pleas for help, Nurse Brinkley insisted that [Johnson] leave medical and go back to the building.
>
> In the process of trying to walk back to the building with a[n] Accue-Check reading taken by Brinkley on 08/19/13 that was well above 500, [Johnson] fell out on the ground and was not responsive.
>
> [Johnson] was later found by officers who contacted the medical department. . . .
>
> After getting [Johnson] back to medical, Nurse Brinkley knowing that [Johnson's] blood sugar was too high, . . . decided to issue to [Johnson] pancakes & syrup in order to lower his blood sugar and at that time left [Johnson] in the infirmary unattended other than the inmates inside.
>
> . . . .
>
> This form of treatment by Nurse Brinkley . . . would have surely resulted in the loss of [Johnson's] life. If not for the act of a[n] inmate who knew this, [Johnson] would have tried to eat the load of sugar and died. However, the inmate took the tray from [Johnson].
>
> Plaintiff somewhat remembers being taken from the infirmary and placed in front of the doctor's office to wait for 8pm a total of 2 more hours if it wasn't for the facts that [Johnson] began to vomit uncontrollably before going into diabetic coma.
>
> . . . .
>
> It was later learned by [Johnson] that another staff member had called the Defendant Dr. Campbell the morning these events occurred and made a request to send [Johnson] to the emergency room. This request was denied up until [Johnson] completely lost consciousness. At that point another call was made to the Defendant Dr. Campbell by the same staff member and Campbell denied transport to the ER and that staff member informed Defendant Campbell that she was not taking any responsibility in this situation and this made the Defendant Campbell finally consent to the transport.

(Compl. 5–8 (paragraph numbers omitted).) Johnson seeks injunctive and declaratory relief and monetary damages. (*Id.* at 11.) Johnson contends that Defendant Campbell, Brinkley, and Cummings violated his Eighth Amendment right to adequate medical care. (*Id.* at 10.)

## III. ANALYSIS

Under 28 U.S.C. § 1915A, the Court must dismiss claims which the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (West 2018). Thus, Johnson was required to file his Complaint within two years from when the underlying claims accrued.

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 11CV12, 11CV13, 11CV14, 11CV15, 11CV16, 11CV17, 11CV18, 11CV19, 11CV 20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F.

App'x 812 (4th Cir. 2011).

Johnson filed his initial Complaint on September 20, 2017.[2] For his Complaint to be timely, the claims alleged therein must have accrued after September 20, 2015. However, Johnson states that Defendants ignored his high blood sugar leading up to August 19, 2013, when he lost consciousness and entered into a diabetic coma, and was admitted to the hospital that same day. (Compl. 5–8.) Therefore, Johnson was aware that the Defendants committed the alleged acts by August 19, 2013. (*See id.*) At the latest, Johnson's claims accrued on August 19, 2013. Johnson waited more than four years to file this action, and his Complaint is untimely.[3] Thus, his § 1983 action is legally frivolous. *See Nasim*, 64 F.3d at 956 (dismissing as frivolous untimely action under § 1983). Johnson's claims will be dismissed with prejudice.

## IV. CONCLUSION

Johnson's claims will be dismissed as frivolous because it is barred by the statute of limitations. The action will be dismissed. Johnson's request for a pre-discovery

---

[2] Because Johnson's initial Complaint was filed by his brother, he is not entitled to the application of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Even using the September 7, 2017 date that Johnson provided his initial Complaint to his brother for mailing (ECF No. 1, at 14), the Complaint remains untimely.

[3] Johnson vaguely indicates that "that the events described herein are not a one-time situation but a[n] ongoing event with the Defendants and that [Johnson] is still being denied adequate medical care as to date." (Compl. 11.) This vague statement is insufficient to make his claims timely. Johnson's Complaint clearly alleges the denial of medical care leading up to and during August of 2013, culminating with his August 19, 2013 trip to the hospital. To the extent that Johnson is currently experiencing or experiences constitutionally inadequate medical care in the future, he may file a new complaint that will be treated as a new civil action.

subpoena (ECF No. 31) will be denied. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept 4, 2018
Richmond, Virginia